**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD D. MELTON,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; GREEN TREE SERVICING, LLC; NORTHWEST TRUSTEE SERVICES, INC.;,<br><br>Defendants. | Case No. CV 15-06391 DDP (AGRx)<br><br>**ORDER GRANTING DEFENDANT GREEN TREE SERVICING, LLC'S MOTION TO DISMISS**<br><br>[Dkt. 9] |

Presently before the court is Defendant Green Tree Servicing, LLC ("Green Tree")'s Motion to Dismiss. Having considered the submissions of the parties, the court grants the motion and adopts the following Order.

**I. Background**

In 2002, Plaintiff executed a promissory note secured by a Deed of Trust to property located at 1154 N. Sycamore Ave., No. 7, in Los Angeles, California. (Complaint ¶ 1.) In September 2010, the property was foreclosed upon. (Id. ¶ 10.) The foreclosure was rescinded in December 2010. (Id. ¶ 11.)

As a result of the foreclosure, Plaintiff's property was reassessed, and his tax liability, and payments to the note holder, increased. (Compl. ¶ 12.) Plaintiff protested to the Los Angeles County Tax Assessor's Office and began withholding payments to the note holder. (Id. ¶¶ 14-15.) The note holder sold Plaintiff's loan and deed to Defendant Green Tree. (Id. ¶ 17.) Green Tree then initiated foreclosure proceedings. (Id. ¶ 18.) Plaintiff alleges causes of action for breach of contract, wrongful foreclosure, and negligence. Green Tree now moves to dismiss.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

A. Breach of Contract

The elements of a breach of contract claim are (1) the existence of a contract, (2) performance or excuse for nonperformance, (3) defendant's breach, and (4) damages. Oasis West Realty, LLC v. Goldman, 51 Cal.4th 811, 821 (2011); See also Rockridge Trust v. Wells Fargo, N.A., 985 F.Supp.2d 1110, 1141 (N.D. Cal. 2013). Although the Complaint alleges a breach of the loan contract, Green Tree argues that Plaintiff has not adequately pleaded performance or excuse for nonperformance. Indeed, the Complaint itself alleges that Plaintiff stopped making loan payments in March 2013. (Compl. ¶ 15.) A default was recorded in July 2014. (Green Tree's Request for Judicial Notice, Ex. 2.)

Plaintiff's only response is that he is excused from tendering the full amount of the loan "while the tax reassessment issue remains unresolved." (Opposition at 5.) The tender requirement, however, is related to Plaintiff's wrongful foreclosure claim,

discussed below, and not to Plaintiff's breach of contract claim.[1] Absent any allegation of performance or excuse for nonperformance, Plaintiff's breach of contract claim against Green Tree is dismissed.

B. Wrongful Foreclosure

Plaintiff does not dispute that he is required to allege tender of the amount of his indebtedness in order to maintain a cause of action for wrongful foreclosure. See Abdallay v. United Savings Bank, 43 Cal.App.4th 1101, 1109 (1996). Tender may not be required, however, when imposition of the rule would be inequitable. See, e.g., Bok Sil Rah v. Aurora Loan Servs., LLC, No. 12-09166 DDP, 2013 WL 140248 *1 (C.D. Cal. Jan. 10, 2013).

Plaintiff contends that such an exception applies here "since Plaintiff is being drastically overcharged due to the unresolved tax reassessment issue." (Opposition at 6.) Green Tree requests that this court take judicial notice of two letters sent by the Los Angeles County Assessor's Office. (Green Tree RJN, Ex. 1.) The first letter, sent in June 2012, acknowledges that the Assessor's ownership records were corrected to reflect Plaintiff's continued ownership. The letter further states, "The reappraisal is being reversed to restore the 2001 value. . . . "[I}f appropriate, new tax . . . refunds will be issued." (Id.) A second letter, sent in December 2012, indicates that the recalculation of Plaintiff's tax liability is in process. (Id.) Although Plaintiff argues that the facts recited in these letters "are disputed by Plaintiff," he

[1] To the extent Plaintiff intends to argue that the lack of resolution of the tax reassessment issue required him to withhold payments, that argument is not persuasive, as discussed below.

provides no explanation why the accuracy of the calculations or facts therein can reasonably be questioned. See F.R.E. 201(b)(2).[2] Given the apparent resolution of the tax liability issue, this court cannot conclude that imposition of the tender rule would be inequitable. Plaintiff's wrongful foreclosure claim is, therefore, dismissed, with leave to amend.

C. Negligence

The elements of a negligence claim are: (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damages. Merrill v. Navegar, Inc., 26 Cal.4th 465, 500 (2001). The "existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal.App.3d 1089, 1095 (1991). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark, 231 Cal. App. 3d at 1096.

As Plaintiff correctly points out, the Nymark rule is not absolute. In California, courts employ a six factor test to determine whether a financial institution owes a duty of care to a borrower. The court must consider "[1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the

---

[2] Plaintiff appears to mistakenly refer to the Federal Rules of Civil Procedure rather than the Federal Rules of Evidence.

moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm." Id. at 1098 (citing Biakanja v. Irving, 49 Ca.2d 647 (1958)). Although Plaintiff recites the Biankanja factors, neither his opposition nor the Complaint sets forth any specific facts necessary to a Biakanja analysis. Plaintiff's negligence claim is, therefore, dismissed.

**IV. Conclusion**

For the reasons stated above, Green Tree's Motion to Dismiss is GRANTED. All causes of action against Green Tree are DISMISSED, with leave to amend. Any amended complaint shall be filed within fourteen days of the date of this Order.

IT IS SO ORDERED.

Dated: May 16, 2016

DEAN D. PREGERSON
United States District Judge